ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
ERIN A. CORNELL (CABN 227135)
MEREDITH B. OSBORN (CABN 250467)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 17-0533 EMC |
| Plaintiff, | |
| v. | [~~PROPOSED~~] ORDER OF DETENTION |
| RAYMOND FOAKES, et al, | |
| Defendants. | |

## INTRODUCTION

The United States has moved for the detention of Defendant Raymond Foakes pending trial. Defendant has been charged with RICO conspiracy, in violation of 18 U.S.C. § 1962(d), with maiming in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(2), with assault with a deadly weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3), and with witness intimidation, in violation of 18 U.S.C. § 1512(b). Defendant poses a risk of danger to the community, and because no condition or combination of conditions will reasonably assure the safety of the community, the Court orders that he be detained pending trial.

## FINDINGS OF FACT

In assessing the government's motion for detention, the Court considered each of the factors set forth in 18 U.S.C. § 3142. The factors most dispositive in this case are Defendant's history and characteristics, including the fact that Defendant was serving a period of supervised release at the time the government alleges that he committed the above crimes. *See* 18 U.S.C. § 3142(g)(3). Defendant has a lengthy criminal history, and he has repeatedly had his periods of probation or supervised release amended or revoked because of new criminal activity. The Court's review of his record indicates a number of instances where Defendant failed to complete a period of court supervision without incident. These include the 1995 and 1996 revocations of his probation for a misdemeanor illegal possession of a weapon conviction; the 2000 parole violation and return to custody for his evading a police officer, false imprisonment, and possession of methamphetamine felonies; the 2010 revocation of his supervised release stemming from a conviction for violent crime in aid of racketeering; and the 2016 revocation of his term of supervised release from a wire fraud and money laundering conviction.

Defendant's family and community support are not sufficient to mitigate this history of criminal convictions and poor performance while on supervision. For this reason, the government has demonstrated by clear and convincing evidence that Defendant poses a risk of danger to the community, in the form of new criminal conduct, and that no condition or combination of conditions can be imposed to assure the safety of the community.

## ORDER OF DETENTION

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

2. Defendant be afforded reasonable opportunity for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to

an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: November 6, 2018

_____
Hon. JOSEPH C. SPERO
Chief United States Magistrate Judge