Law Offices of
GEORGE C. BOISSEAU
State Bar Number 75872
740 4th Street
Second Floor
Santa Rosa, California 95404
Phone:  (707) 578-5636
Fax: (707) 578-1141
Email: boisseaugc@msn.com

Attorney for Defendant
RAYMOND FOAKES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-17-0533-EMC |
| Plaintiff, | ) | NOTICE OF MOTION AND |
| | ) | MOTION TO REVOKE DETENTION |
| v. | ) | ORDER AND SET |
| | ) | CONDITIONS OF RELEASE |
| RAYMOND FOAKES, | ) | |
| | ) | Date: August 9, 2019 |
| Defendant. | ) | Time: 10:30 a.m. o'clock |
| | ) | Place: Hon. Joseph Spero |

## TABLE OF CONTENTS

INTRODUCTION..............................................................................................................3

STATEMENT OF THE CASE......................................................................................... 3

STATEMENT OF THE FACTS....................................................................................... 4

SUMMARY OF PAST VIOLATIONS............................................................................ 5

COMMUNITY TIES......................................................................................................... 7

PRETRIAL DETENTION TO DATE.............................................................................. 7

ARGUMENT..................................................................................................................... 8

I.

      FOAKES IS NOT A DANGER TO THE COMMUNITY AND THERE ARE
      CONDITIONS OF RELEASE THAT COULD REASONABLY ASSURE
      COMMUNITY SAFETY AND HIS PRESENCE IN COURT.

          A.    New Information Regarding Danger to the Community...........................8

          B.    Applicable Principles...............................................................................8

          C.    FOAKES Is Not A Flight Risk................................................................10

          D.    FOAKES Is Not A Danger to the Community.........................................10

II.

      THE PRETRIAL DETENTION OF FOAKES IS UNDULY PROLONGED AND
      VIOLATES DUE PROCESS OF LAW.

          A.    Applicable Principles.............................................................................12

          B.    Length of Delay.....................................................................................14

          C.    Responsibility for the Delay...................................................................15

          D.    The Magnitude of the Threat to the
               Government's Regulatory Interests.........................................................15

CONCLUSION.................................................................................................................15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*United States v. Accetturo,* 783 F.2d 382 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*United States v. Ailemen,* 165 F.R.D. 571 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Bell v. Wolfish,* 441 U.S. 520 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Chen,* 820 F.Supp. 1205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Gatto,* 750 F.Supp. 664 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Gebro,* 948 F.2d 1118 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Gerstein v Pugh,* 420 U.S. 103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Gonzales-Claudio,* 806 F.2d 1510 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*United States v. Hare,* 873 F.2d 796 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Himler,* 797 F.2d 156 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Hir,* 517 F.3d 1081 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. Millan,* 4 F.3d 1038 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Motamedi,* 767 F.2d 1403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. Orena,* 986 F.2d 628 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Orta,* 760 F.2d 887 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Portes,* 786 F.2d 758 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Salerno,* 481 U.S. 739 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Stack v. Boyle,* 342 U.S. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

*United States v. Theron,* 782 F.2d 1510 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 14

*United States v. Tortora,* 922 F.2d 880 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Townsend,* 897 F.2d 989 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Truong Dinh Hung v. United States,* 439 U.S. 1326 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v Gelfuso,* 838 F.2d 358 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Winsor,* 785 F.2d 755 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATE CASES

*Herzog v. United States,* 75 S.Ct. 349 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sellers v. United States,* 89 S.Ct. 36 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## STATUTES

18 U.S.C. §§1951(a), 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. §1961(d) (Count One) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. §3142(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

18 U.S.C. §3142(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. §3142(c)(B)(v) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. §3142(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. §3164(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Indeed, 18 U.S.C. §3142(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

U.S. Const. Amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

[18 U.S.C. §§3161-3174] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

[18 U.S.C. §3142(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Law Offices of
GEORGE C. BOISSEAU
State Bar Number 75872
740 4th Street
Second Floor
Santa Rosa, California 95404
Phone: (707) 578-5636
Fax: (707) 578-1141
Email: boisseaugc@msn.com

Attorney for Defendant
RAYMOND FOAKES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-17-0533-EMC |
| Plaintiff, | ) | NOTICE OF MOTION AND MOTION TO REVOKE DETENTION ORDER AND SET CONDITIONS OF RELEASE |
| v. | ) | |
| RAYMOND FOAKES, | ) | |
| Defendant. | ) | Date: August 9, 2019<br>Time: 10:30 a.m. o'clock<br>Place: Hon. Joseph Spero |

TO:    DAVID L. ANDERSON, United States Attorney, and
KEVIN J. BARRY, Assistant U.S. Attorney:

NOTICE IS HEREBY GIVEN that on August 9, 2019, at 10:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Joseph C. Spero, United States Magistrate-Judge, Northern District of California, the defendant, RAYMOND FOAKES (FOAKES), will move for an order revoking the order of detention of November 6, 2018 by this Court, and setting conditions of release.

FOAKES is detained pursuant to the government's request and the magistrate's order entered on November 6, 20218.[1]  See 18 U.S.C. §3142(f).  He made his first appearance on the

---

[1]    The detention hearing was held on October 31, 2018.

1
MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

indictment[2] on or about December 22, 2017, and has been in continuous custody since his first appearance in this case.[3]

This motion is made on the grounds that FOAKES is not a danger to the community or himself, that he is not a flight risk, and that his continued detention violates due process of law.

This motion will be based on this notice of motion, declaration of counsel, the attached memorandum of points and authorities, the papers, records, and files in this action, and on such oral and documentary evidence as may be presented at the hearing.

Dated: July 22, 2019

Respectfully submitted,

/s/George C. Boisseau
GEORGE C. BOISSEAU

Attorney for Defendant
RAYMOND FOAKES

---

[2]    The Superceding Indictment was filed on September 11, 2018.  The original indictment was filed on October 10, 2017.

[3]    FOAKES violated his conditions of supervised release in CR-11-0624-WHA and was sentenced to 24-months in custody for the violation on September 18, 2017.  He completed his 24-month sentence on or about September 17, 2018.  Thus, he has been in custody for these charges for a period of almost 11-months with no trial date in sight.

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

Law Offices of
GEORGE C. BOISSEAU
State Bar Number 75872
740 4th Street
Second Floor
Santa Rosa, California 95404
Telephone:  (707) 578-5636
Fax: (707) 578-1141
Email: boisseaugc@msn.com

Attorneys for Defendant
RAYMOND FOAKES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-17-0533-EMC |
| Plaintiff, | ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REVOKE DETENTION ORDER AND TO SET CONDITIONS OF RELEASE |
| v. | ) | |
| RAYMOND FOAKES, | ) | |
| Defendant. | ) | |

INTRODUCTION

Information now exists that was not known to FOAKES at the time of the original

detention hearing which has a material bearing on the issue whether there are conditions of

release that will reasonably assure his appearance as required and the safety of any other person

and the community.  FOAKES has been detained for almost 11-months because of the conduct

charged in the Superceding Indictment and no trial date has been scheduled in the case.

STATEMENT OF THE CASE

On or about November 27, 2016, FOAKES was arrested on a supervised release

violation in CR-11-0624-WHA.  He remained in continuous custody until he admitted the

administrative violations and was sentenced to 24-months custody on September 18, 2017.

While serving this sentence, however, FOAKES was indicted in the case on or about October 10,

2017 for racketeering violations.   He completed the 24-months sentence for the supervised

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1   release violation on or about September 17, 2018.[4]  FOAKES' first appearance on this case was

2   on or about December 22, 2017, when the arrest warrant was executed and he has remained in

3   continuous custody since that time.

4         A detention hearing was held on October 31, 2018.  This Court on November 6, 2018,

5   consistent with its oral pronouncement from the bench,  found that FOAKES was a danger to the

6   community in light of his numerous violations of both pre-trial and post-trial release in previous

7   cases.

8         To date, FOAKES has been in custody on this case for almost eleven months.  No trial

9   date has been set despite the fact that the original indictment was filed on October 10, 2017–over

10  18-months ago. On September 11, 2018, the Superceding Indictment was filed adding capital

11  offenses against three of the co-defendants.  Complicating the setting of a trial date is the fact the

12  government has not yet made a final decision on whether to proceed with the death penalty on

13  those counts and co-defendants.

14                          STATEMENT OF THE FACTS

15        On September 11, 2018, the Superceding Indictment was filed was filed against

16  FOAKES charging him and ten others with conspiracy to conduct the affairs of a criminal

17  enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §1961(d) (Count

18  One) The enterprise was the Hells Angels of Sonoma County and the conspiracy started at a date

19  unknown to the grand jury but at least since 2007 and lasted to the present.  The racketeering acts

20  allegedly included murder, extortion, robberies, and witness tampering.  The overt acts for which

21  FOAKES is alleged to have participated in were mortgage fraud in 2007, an assault and maiming

22  of a former member on November 26, 2016, and a sexual assault and witness intimidation

23  relating to the assault and maiming incident of November 26, 2016.   As a "special sentencing

24  factor" to the conspiracy, FOAKES is alleged to have been involved in a conspiracy to commit

25  murder from the mid-1990's to the present with other members of the racketeering enterprise.

26

27       [4]   The September 18, 2017 sentence on the supervised release violation included another
28  36-months of supervised release.

---

4
MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1       FOAKES is also charged with three counts of committing violent crimes in aid of

2   racketeering (VICAR) in violation of 18 U.S.C. §§1951(a), 2 (Counts Five, Six & Eight)  He

3   allegedly maimed another former member on November 26, 2016 for the purpose of gaining

4   entrance to and maintaining and increasing his position in the enterprise (Count Five), assaulted

5   that former member with a dangerous weapon (Count Six)[5] and threatened a witness into not

6   reporting the assault (Count Seven).

7                             SUMMARY OF PAST VIOLATIONS

8       It is primarily FOAKES's criminal record, his poor record on parole, probation, pre-trial

9   supervision and supervised release that supported the court's original finding that FOAKES is a

10  danger to the community, a flight risk, and that no condition of release could reasonably assure

11  community safety and his appearance in court.  A closer analysis of his record, however, shows

12  that the risk to the community can be mitigated  if not completely eliminated by conditions of

13  house arrest and electronic monitoring.  And, given FOAKES's substantial community ties and

14  support in the community, he is not a flight risk.

15      FOAKES's felony conviction record begins in 1995.  Admittedly, he has several

16  violations of pre-trial and post-trial release during the last twenty-four years, which are mostly

17  drug related.[6]  Over 20-years ago, FOAKES suffered felony convictions for false imprisonment

18  and evading a police officer (1/31/97), possession of a controlled substance (1/31/97), possession

19  of a controlled substance for sale (1/31/97), and a failure to appear (1/31/97).[7]  He received a

20  base term of 2-years state prison with consecutive time for the additional convictions.  When he

21  was released from prison he violated parole on 1/28/2000.

22

23

---

24      [5]   The government conceded at the original detention hearing that FOAKES was not the one

25  who allegedly assaulted Victim 6 with a firearm.

26      [6]   FOAKES suffered from an addiction to methamphetamine and much of his criminal
    activity up to 2010 involved his struggle with methamphetamine addiction.  In order to

27  demonstrate to the court that his addiction issues are now under control, he will submit to regular
    drug testing and participate in out-patient drug counseling as conditions of his pre-trial release.

28      [7]   The dates of the offense conduct was 7/18/96, 9/5/96, 10/20/95 and 8/18/95.

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1    On 1/12/04 he was charged in the District Court in Southern District of Nevada (Las

2  Vegas) with committing racketeering offenses.   Shortly after being released, FOAKES violated

3  his release conditions for a "dirty" drug test but was soon reinstated on pre-trial release.   He

4  remained on pre-trial release until he was charged in the Northern District of California on 6/7/06

5  for narcotics offenses in CR-09-00266-CRB.  He was eventually released on both federal

6  offenses and resolved the two federal cases on 2/27/07 and 9/29/08. In the racketeering case, he

7  entered a plea to committing a violent act in aid of racketeering, receiving a sentence of 1 year

8  and 1 day to run concurrently with a 2-year state prison sentence in the San Francisco Superior

9  Court, a case which was opened in 2008 to resolve all pending narcotics offenses.  The charges in

10  CR-06-0266-CRB were subsequently all dismissed in light of the two-year state prison sentence.

11    Supervised release on the Las Vegas racketeering case was transferred to the Northern

12  District of California.  FOAKES violated the terms and conviction of his supervised release on or

13  about January 21, 2010 for a positive drug test, receiving a 5-month term for the violation.  He

14  again was charged with a violation of supervised release on September 29, 2011, because he was

15  indicted for mail and wire fraud, money laundering and mortgage fraud in CR-11-0624-WHA,

16  conduct which occurred in 2007-2008 but indicted years afterwards.  FOAKES resolved the

17  violation and the fraud charges on or about 1/17/12, receiving a 70-month sentence to be

18  followed by 36-months of supervised release.

19    FOAKES was released from prison and put on supervised release on or about 10/21/16.

20  He was arrested on a violation of his supervised release on 11/27/2016, eventually admitting

21  violating the non-association condition of his supervised release on 9/18/17.[8]  On that date his

22  supervised release was violation and was sentenced to 24-months custody to be followed by 36-

23  months of supervised release.

24

25

26

---

27    [8]    He was originally charged with sexual assault, assault, and associating with fellow club
28  members.  FOAKES admitted violating his supervised release by associating with other club
   members.  The assault and sexual assault charges were dismissed.

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

COMMUNITY TIES

FOAKES has substantial ties to the community and considerable community support, which all has been previously brought to this Court's attention at the original detention hearing and by the Pre-Trial Services report submitted in this case.  He has resided in the North Bay virtually his entire life.  All his family reside in the bay area and his close friends are willing to employ and give FOAKES a place to live and  post property to secure his release.  Other friends are also willing to co-sign any personal surety bond set by this Court.  Mr. Ronnie Van Airsdale, owner of Monterey Mechanical, has a job for FOAKES when he is released .  He also will give him a place to live in Oakley, California.[9] Mr. Jimmy Ford, FOAKES's long-time friend, has agreed to post property in support of his release.

In order to address this Court's concern about "danger to the community," FOAKES is willing to agree to 24-hour electronic monitoring and "house arrest" at his friend's house in Oakley during the period of pre-trial release.  He agrees not to use the telephone, not associate with anyone other than his immediate family, and abide by the strictest of conditions of release.  Should the court have any concerns regarding FOAKES's ability and commitment to abide by these conditions, a half-way house commitment would be acceptable.  All these conditions would assure the government and the court that FOAKES would have no contact with Hells Angels in general and no be placed in a situation where he could not pose a danger to any member of the public.  Part of his conditions would be strict prohibitions regarding contacting any witnesses or potential witnesses.

PRETRIAL DETENTION TO DATE

FOAKES  has been in custody since September 17, 2018.  Various factors have delayed the setting of a trial date despite the fact FOAKES has indicated to the court that he wishes to set a trial date.  The government has not made a final determination to proceed with the death penalty, has delayed disclosing *Brady/Jencks* material to the defense because of witness "safety"

---

[9]    Mr. Airsdale owns a residence at 1070 Kay Lane, Oakley, California 94561.  FOAKES can live there during his pre-trial release and would leave the residence only to work as a heavy equipment operator for Mr. Airsdale and Monterey Mechanical.

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

concerns, has not finished submitting the evidence to the relevant laboratories for testing, and has resisted dividing up the co-defendants into trial grouping.   Nor has there been definitive dates set for the filing of pre-trial motions.

In sum, there has been little or no progress made in getting the case to trial and the earliest trial date which has been suggested by the capitally charged co-defendants is December, 2020.  This suggested trial date by counsel for co-defendant Wendt is over three years after the case was originally indicted and probably would not include FOAKES as he is not capitally charged.

FOAKES is looking at the prospect of being incarcerated for almost three years before going to trial.  This pretrial confinement is excessive and constitutes a violation of due process. In light of the fact that conditions of release can be fashioned to insure community safety, such as electronic monitoring and house arrest, FOAKES is requesting that such conditions be imposed and that he be released pretrial.

ARGUMENT

I.

FOAKES IS NOT A DANGER TO THE COMMUNITY AND THERE ARE CONDITIONS OF RELEASE THAT COULD REASONABLY ASSURE COMMUNITY SAFETY AND HIS PRESENCE IN COURT.

A.    New Information Regarding Danger to the Community:

Since the last appearance before this Court, the half-way house is now available and it appears that FOAKES will not face trial for another two-years.  He has now been detained for over 11-months and no trial date will be set in the foreseeable future.  The government has not even given formal notice that they will seek the death penalty for three of the ten remaining co-defendants in this case and it appears that the capital eligible defendants, which do not include FOAKES, will be tried first.

B.    Applicable Principles:

Title 18 U.S.C. §3142(a) governs the release of criminal defendants pending trial.

Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person--(1) released on personal recognizance or upon execution of an

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1
2
3
      unsecured appearance bond, under subsection (b) of this section; (2) released on a condition or combination of conditions under subsection (c) of this section; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or (4) detained under subsection (e) of this section.

4    18 U.S.C. §3142(a).

5          The primary purpose of the Bail Reform Act of 1984 was to de-emphasize the use of

6    money bonds and to provide flexible alternatives to judges in setting bail.  See generally *United*

7    *States v. Orta*, 760 F.2d 887 (8th Cir.1985)(*en banc*).  Title 18 U.S.C. §3142(b) expressly

8    provides that a criminal defendant shall be released on personal recognizance (PR), or upon his

9    or her own recognizance (OR), unless the defendant represents either a flight risk or a danger to

10    the community.  However, this Court cannot detain someone merely if it determines that OR or

11    PR will not prevent flight or ensure community safety.  The Court must nonetheless consider

12    other conditions.  18 U.S.C. §§3142(a) and (c); see also *Orta*, 760 F.2d at 890.  Indeed, 18

13    U.S.C. §3142(c) provides that if the judicial officer determines that OR or PR is not sufficient,

14    the "judicial officer <u>shall</u> order the pretrial release of the person...subject to the least restrictive

15    further condition or combination of conditions, that such judicial officer determines will

16    reasonably assure the ...safety of any other person and the community...."  (Emphasis supplied).

17    The structure of the statute mandates every form of release be considered before detention may

18    be imposed.  *United States v. Orta*, *supra*, 760 F.2d at 892.

19          Federal law has traditionally provided that a person arrested for a non-capital offense

20    shall be admitted to bail.  *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir.1985)

21    (explaining that "the Fifth and Eighth Amendments's prohibitions of deprivation of liberty

22    without due process and of excessive bail require careful review of pretrial detention orders to

23    ensure that the statutory mandate has been respected)[citing *Stack v. Boyle*, 342 U.S. 1, 4 (1951)].

24    Only in rare cases should release be denied.  *Motamedi*, *supra*, 767 F.2d at 1405 [citing *Sellers v.*

25    *United States*, 89 S.Ct. 36, 38 (1968)]; see also *United States v. Hir*, 517 F.3d 1081, 1085-86

26
27
28

9

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

(9th Cir.2008).[10]  And doubts regarding the propriety of release are to be resolved in favor of

defendants.  Id. at 1405 [citing *Herzog v. United States*, 75 S.Ct. 349, 351 (1955)]; see also

*United States v. Townsend*, 897 F.2d 989, 993 (9th Cir.1990).[11]

C.  FOAKES Is Not A Flight Risk:

FOAKES is not a flight risk.  He has substantial ties to the Bay Area and does not even

have a passport.  He has resided in the Bay Area all his life and neither has the means nor the

inclination to travel outside this area.[12]  He has no ties to any other country or area.  Nor does

FOAKES have any history of extended travel outside the Bay area.

D.  FOAKES Is Not A Danger to the Community:

Conditions of release can be imposed which reasonably assure that FOAKES not be a

danger to the community.  Home detention, along with around-the-clock monitoring, and curfew

---

[10]  As *Hir* point out, the weight of the evidence is the least important of the various factors to be considered is determining whether a defendant can be released on conditions.  *Hir*, *supra*, at pp. 1091-1092.  The court can, however, consider such evidence in terms of the likelihood that a defendant will pose a danger.  *Id.*

[11]  Section 3142(g) details the factors that may be considered at a detention hearing.  These factors include the person's character, family ties, employment, criminal history, the nature and seriousness of the offense charged, the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, as well as the weight of the evidence against the defendant.  The Ninth Circuit, however, has held that the weight of the evidence against the defendant is the least important factor because a court cannot make a pretrial determination of guilt.  *United States v. Motamedi*, *supra*, 767 F.2d at 1408; see also *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir.1991); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir.1986)(evidence of guilt relevant only in terms of the likelihood that the person will fail to appear or will pose a danger to the community).

[12]  "Community" embraces both the community in which the charges are brought and also a community in the United States to which the defendant has ties.  *United States v. Townsend*, supra, 897 F.2d at 995; *United States v. Hir, supra*, 2008 U.S. App. Lexis at 11; see also *Truong Dinh Hung v. United States*, 439 U.S. 1326 (1978); *United States v. Himler*, 797 F.2d 156, 162 (3rd Cir.1986)(reversing order of pretrial detention because of defendant's "family ties to the area").

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1   conditions would reasonably assure that FOAKES not be involved in any criminal activity.  All

2   of his activities would thus be monitored by Pretrial Services.[13]

3        FOAKES has suffered various violations of pre-trial, post-trial release and parole over

4   the years.  True, his supervisory history in the past has not been good.  However, the seriousness

5   of the instant charges and the prospect of prolonged pre-trial detention have had a substantial

6   impact upon FOAKES.  He will under no circumstances cause his friends to lose their homes by

7   either violating his conditions of release or failing to appear.  He is grateful that his friends are

8   firmly behind him despite the seriousness of the charges.

9        The presumption that "no condition nor combination of conditions will reasonably

10  assure the appearance of the person as required and the safety of the community" [18 U.S.C.

11  §3142(e)] has been rebutted in this case.[14]  FOAKES has substantial ties to the community.  A

12  combination of home detention, search conditions, and electronic monitoring would ensure his

13  appearance in court and that he not engage in any future criminal activity.  His strong community

14  support will insure that he not be a danger to the community in that his friends will vigilantly

15  monitor his activities.

16                                II.

17  THE PRETRIAL DETENTION OF FOAKES IS UNDULY PROLONGED
    AND VIOLATES DUE PROCESS OF LAW.
18

19       To date, FOAKES has been detained for almost a year.  Trial may be at least years

20  away.  There are numerous pretrial motions which need to be filed and the briefing schedule has

21  yet to be set.

22  _____

23  [13]    A condition of electronic monitoring and no association with others who may be
24  involved in criminal activity may be imposed.  See 18 U.S.C. §3142(c)(B)(v).  Home detention
    and electronic monitoring will give reasonable assurances that FOAKES not associate with
25  anyone except his immediate family.

26  [14]    Detention determinations must be made individually and, in the final analysis, must be
    based on the evidence which is before the court regarding the particular defendant.  See *United*
27  *States v. Tortora*, 922 F.2d 880, 888 (1st Cir.1990)("Undoubtedly, the safety of the community
    can be reasonably assured without being absolutely guaranteed...Requiring that release conditions
28  guarantee the community's safety would fly in the teeth of Congress's clear intent that only a

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

A.    <u>Applicable Principles</u>:

The length of pretrial detention raises the constitutional issue of due process.  *United States v. Salerno*, 481 U.S. 739, 747 n.4 (1987); see also *United States v. Millan*, 4 F.3d 1038, 1043 (2nd Cir.1993); *United States v. Orena*, 986 F.2d 628, 630-631 (2nd Cir.1993); *United States v. Portes*, 786 F.2d 758, 768 (7th Cir.1986); *United States v. Accetturo*, 783 F.2d 382, 388 (3rd Cir.1986); *United States v. Gonzales-Claudio*, 806 F.2d 1510, 1516 (2nd Cir.1986); *United States v. Theron*, 782 F.2d 1510, 1516 (10th Cir.1986).  At some point of time, pretrial detention is excessively prolonged and, therefore, punitive rather than regulatory.[15]

A defendant charged in a federal case who has had a bail hearing may be detained pending trial and subjected to "restrictions and conditions of the detention facility so long as those restrictions do not amount to punishment or otherwise violate the Constitution." *Id.* at 536. The Supreme Court in *Salerno* provided little guidance on how to determine whether a detainee's due process rights have been violated, stating simply that the trial court's judgment depends on whether the length of detention is excessive in relation to the regulatory goals.  Although many courts have interpreted this abstract analytical framework to require an analysis of (1)  the duration of custody; (2) the government's or court's responsibility for the delay; and (3) the extent of flight or dangerousness, other courts omit any inquiry about the reason for the delay, and some incorporate additional factors in their analysis such as the seriousness of the charges against the defendant, the strength of the government's case on the merits, the type of threat posed by the defendant, and the extent to which release conditions can minimize risk of flight and potential

---

[15]    FOAKES's motion is in large part based on the Due Process Clause of the Fifth Amendment, which provides that "[n]o person shall ... be deprived of life, liberty, or property without due process of law." U.S. Const. Amend. V. The Due Process Clause prohibits punishing a pretrial detainee prior to an adjudication of guilt.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, it is well settled that a defendant accused of committing a crime may be detained prior to a formal adjudication of guilt. *Id.* (citing *Gerstein v Pugh*, 420 U.S. 103, 111–14 (1975)). While the government has a substantial interest in ensuring that persons accused of crimes are available for trials, and serving their sentences if convicted, and pretrial detention is a legitimate means of accomplishing this interest (*Id.* (citing *Stack v Boyle*, 342 U.S. 1, 4 (1951)), this interest must give way when it becomes clear that the pre-trial detention is merely functioning as punishment before an adjudication of guilt.

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1   dangerousness.  See generally, *United States v. Omar*, 157 F.Supp.3d 707, 710 (M.D Tenn.

2   2016)(four years pre-trial detention warranted release on conditions); *United States v. Gatto*, 750

3   F.Supp. 664, 674 (D.New Jersey 1990)(due process compelled release on conditions after fifteen

4   months on racketeering charges); *United States v. Hare*, 873 F.2d 796, 801 (3rd Cir.1989);

5   *United States v. Accetturo*, *supra*, 783 F.2d at 388; *United States v. Gallo*, *supra*, 750 F.Supp. at

6   343-345 (court found that due process will not permit the detention of a defendant charged with

7   threatening witnesses to continue beyond eight months despite finding that the pretrial delay was

8   not attributable to any fault of the government); *United States v. Theron*, 782 F.2d 1510, 1512

9   (10th Cir.1986)(court finds that "serious constitutional questions" would arise unless it construed

10  Speedy Trial Act [18 U.S.C. §§3161-3174] as requiring release or trial within thirty days for

11  defendant, already detained for four months and expected to be detained ten to fourteen months

12  until end of trial, and where the delay was cause by complexity of co-defendants' cases and

13  defendant took no steps to cause the delay).

14          Since *Salerno* was decided, the Supreme Court has not addressed at what point pretrial

15  detention may be excessively prolonged and therefore punitive rather than regulatory. The Ninth

16  Circuit has held "that the due process limit on the length of pretrial detention requires assessment

17  on a case-by-case basis." *United States v Gelfuso*, 838 F.2d 358, 359 (9th Cir. 1988). In this case-

18  by-case assessment, the court considers "the length of confinement in conjunction with the extent

19  to which the prosecution bears responsibility for the delay that has ensued." *Id.* In *Gelfuso*, the

20  Ninth Circuit held that defendants due process rights were not violated by pretrial detention for

21  10 months "plus the time consumed in trial." *Id.* There, the district court found that the

22  government was not responsible for the pretrial delay, and the Court of Appeals held that the

23  record supported this finding. The Ninth Circuit assesses the due process limit on the length of

24  pretrial detention on a case-by-case basis.  *United States v. Gelfuso*, 838 F.2d 358, 359 (9th

25  Cir.1988); see also *United States v. Gonzalez-Claudio*, *supra*, 806 F.2d at 340.  The court should

26  consider the length of confinement in conjunction with the extent to which the prosecution bears

27  responsibility for the delay that has ensued.  *United States v. Gelfuso*, *supra*, 838 F.2d at 359; see

28  also, *United States v. Chen*, 820 F.Supp. 1205 (N.D.Cal. 1992)(prospect of indeterminate length

13
MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

of pretrial *detention after already one year of detention warranted release on conditions); United States* v. Ailemen, 165 F.R.D. 571, 581 (N.D.Cal. 1996)(district court should focus on (1) the non-speculative length of the expected confinement; (2) the extent to which the government (the prosecution and/or the court system) bears responsibility for pretrial delay; and (3) the strength of the evidence indicating a risk of flight, a threat to the trial process, and/or a danger to the community).

        B.    <u>Length of Delay</u>:

      The prolonged pretrial detention in this case violates the due process clause of the Fifth Amendment.  FOAKES has been incarcerated for almost a year for the instant without a trial date even being set.   This case has ten defendants and involves voluminous discovery, much of which has not been fully disclosed.  If not released on bail, it is likely he will be incarcerated for at least another two years prior to trial.  Thus, his continued incarceration is excessively prolonged and punitive.

      The pretrial release provision in 18 U.S.C. §3164(c) is helpful in determining what may be a violation of due process. Section 3164(c) provides that

> (c)  Failure to commence trial of a detainee as specified in subsection (b), through no fault of the accused or his counsel, or failure to commence trial of a designated release as specified in subsection (b), through no fault of the attorney for the Government, shall result in the automatic review by the court of the conditions of release.  No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial.  A designated release, as defined in subsection (a), who is found by the court to have intentionally delayed the trial of his case shall be subject to an order of the court modifying his nonfinancial conditions of release under this title to insure that he shall appear at trial as required.

18 U.S.C. §3164(c); see also *United States v. Theron*, 782 F.2d 1510, 1515 ("reasonable delay" exclusion of §3161(h)(7) has a different meaning and application under §3164 than under §3161).  Thus, a defendant who has been detained over ninety-days prior to trial should be released if there have been unreasonable delays which cannot be attributed to the defendant.

14
MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

C.      Responsibility for the Delay:

The government bears much of the responsibility for delay in this case.  While FOAKES's counsel needs time to prepare for trial and pretrial motions, his request that a trial date be set has not carried the day.

Most importantly, the government by the Superceding Indictment turned this case into a capital case against three of the defendants.  After months of proceeding under an indictment which did not charge any of the defendants with capital offenses, but nevertheless withholding much discovery relevant to the offenses, the Superceding Indictment was a sea change in terms of trial delay.  Presently, over eighteen months after filing the original indictment, the government has not even made a final decision whether it will seek the death penalty for those three co-defendants who are capitally charged.

Thus, in this case the government bears responsibility for the delay which is tantamount to indefinite pre-trial detention.  FOAKES is not capitally charged and the prospects of proceeding to trial within the next two years is exceedingly slim.  And the government is withholding that discovery which is absolutely critical to effective preparation–witness statements, designation of experts and the basis for their opinions, and any and all *Brady* materials.

D.      The Magnitude of the Threat to the Government's Regulatory Interests:

The proper focus in this regard should be on how big the threat would be to the government's regulatory interests should FOAKES be released on stringent conditions aimed at reducing as much as possible the likelihood of harm to the community.  In this case FOAKES can be released upon the most stringent conditions such as home detention with electronic monitoring, drug testing and drug treatment.  In light of the fact conditions of release can be fashioned to protect the community if FOAKES is released pre-trial, his pre-trial detention is unreasonable and a violation of due process.

## CONCLUSION

FOAKES should be released pretrial on a $500,000 appearance bond co-signed by Jimmy Ford.  A condition of his pre-trial release should be that he remain under home detention

15
MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE

1   with 24-hour electronic monitoring, not leaving the residence at 1070 Kay Lane, Oakley,

2   California 94561 without permission and then only for work at Monterey Mechanical.  Further,

3   FOAKES will abide by all other conditions requested by pre-trial services, including drug testing,

4   or this Court to insure the safety of the community and his appearance in court.

5          Dated: July 22, 2019

6                                                         Respectfully submitted,

7                                                         /s/George C. Boisseau
                                                          GEORGE C. BOISSEAU

8                                                         Attorney for Defendant
9                                                         RAYMOND FOAKES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION AND MEMO. POINTS & AUTHOR. IN SUPPORT OF MOTION TO REVOKE
DETENTION ORDER AND SET CONDITIONS OF PRETRIAL RELEASE