UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JONATHAN JOSEPH NELSON, et al.<br>Defendants. | Case No. 17-cr-00533-EMC-1<br><br>**ORDER DENYING DEFENDANT FOAKES'S MOTION FOR REHEARING**<br><br>Docket No. 3167 |

## I.  INTRODUCTION

The instant case against Foakes and others has been pending since filing of the Indictment on October 10, 2017. *See* Docket No. 1 ("Original Indictment"). Foakes was indicted, *inter alia*, for his participation in the Hells Angels Sonoma County ("HASC") racketeering enterprise, and the Government listed mortgage fraud committed by Foakes in 2007 as the first overt act in the original as well as the Superseding Indictment, *i.e.*, Overt Act 22(a). *See* Docket No. 374 ("Superseding Indictment"); Original Indictment ¶ 22(a). Foakes had previously pled guilty to that mortgage fraud in 2011. It was not until December 8, 2022, that Foakes moved to dismiss Count One on the ground that the Indictment breached the 2011 plea agreement relative to the 2007 mortgage fraud charge. After over five years since initial indictment, trial for Foakes and 2 other defendants (which follows the trial of the first 3 defendants charged) is set for March 13, 2023. The trial date has been pending since it was set on July 26, 2022.

On January 25, 2023, the Court granted in part Foakes's motion to dismiss Count One of the Superseding Indictment in the instant case for breach of his 2011 Plea Agreement for mortgage fraud. *See* Docket No. 3128 ("January 2023 Order"); Docket No. 3054-4, Ex. A ("2011 Plea Agreement"). The 2011 Plea Agreement provided, in relevant part, "[t]he government agrees not

1    to file any additional charges against the defendant that could be filed as the result of the

2    investigation that led to the captioned Indictment." 2011 Plea Agreement ¶ 13.

3          As noted, on January 25, 2023, the Court found that the Government's inclusion of Overt

4    Act 22(a) in the Superseding Indictment constituted a breach of the 2011 Plea Agreement. The

5    Court reasoned that plea agreements were contractual in nature and applied, as directed by Ninth

6    Circuit authority, principles of contract interpretation. *See United States v. Clark*, 218 F.3d 1092,

7    1095 (9th Cir. 2000). Paramount to such interpretation are the parties' reasonable expectations in

8    entering in the agreement. *Id.* The Court found that "it was reasonable for Foakes to believe that

9    the Government would not be able to charge him for the *same conduct* to which he previously pled

10   guilty simply because said conduct has been recast in the context of RICO conspiracy." January

11   2023 Order at 3 (emphasis added). To remedy the Government's breach, rather than dismiss

12   Count One in its entirety as Foakes urged, the Court provided specific performance of the plea

13   agreement by prohibiting the Government from introducing evidence of the mortgage fraud or

14   using it as an overt act in the prosecution of the instant RICO charge against Foakes. *Id.* at 5.

15         On February 8, 2023, Foakes moved for a rehearing on his motion to dismiss Count One of

16   the Superseding Indictment with respect to the remedy provided by the Court. *See* Docket No.

17   3167 ("Mot."). Foakes claimed the Court's decision to provide a remedy narrower than dismissal

18   of Count One in its entirety was error. *Id.* On February 16, 2023, the Government filed its

19   opposition. *See* Docket No. 3194 ("Gov't Opp'n"). For the following reasons, the Court

20   **DENIES** Foakes's motion for rehearing and holds that even it were to grant rehearing, it would

21   deny the motion on the merits.

22                   **II.    ANALYSIS**

23   A.    Motion to Reconsider

24         The Criminal Local Rules do not expressly provide for motions for rehearing of matters

25   such as the one at bar. Courts in this district have thus applied Civil Rule of Court 7-9 which

26   permits a party to seek leave to file a motion for reconsideration; that rule applies in criminal cases

27   because it is not inconsistent with the "criminal local rules, the Federal Rules of Criminal

28   Procedure or provisions of law specifically applicable to criminal cases." Crim. L.R. 2-1; *see also*

*United States v. Rosas-Ramirez*, No. 18-CR-00053-LHK-1, 2019 WL 1518162, at *1 (N.D. Cal. Apr. 8, 2019); *United States v. Shields*, No. 12-CR-00410-BLF-1, 2019 WL 2645028, at *1 (N.D. Cal. June 27, 2019); *United States v. Cerna*, No. CR08-0730, 2010 WL 3941829, at *1 (N.D. Cal. Oct. 6, 2010).

A district court may also, within its discretion, exercise its inherent power to grant a motion to reconsider in a criminal case. *See United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). In invoking that authority, courts have applied criteria consistent with Rule 7-9. *See United States v. Gomez*, No. 3:14-CR-3000-DMS, 2021 WL 347694, at *1 (S.D. Cal. Feb. 2, 2021); *United States v. Krug*, No. CR 09-01148-MMM, 2012 WL 12973474, at *1 (C.D. Cal. Oct. 24, 2012). More generally, courts consistently look to analogous civil rules when invoking their authority to grant a motion to reconsider in the criminal context. *Cf. United States v. Ramos-Urias*, No. 18-CR-00076-JSW-1, 2019 WL 1567526, at *1 (N.D. Cal. Apr. 8, 2019) ("In the context of criminal cases, motions to reconsider are 'governed by the rules that govern equivalent motions in civil proceedings.'" (internal citation omitted)); *United States v. Vasquez*, No. CR 2:11-101 WBS, 2014 WL 2548638, at *1 (E.D. Cal. June 5, 2014) ("In assessing motions for reconsideration in criminal cases, some courts have relied on the standard that governs motions for reconsideration under Federal Rule of Civil Procedure 59.").

A motion for rehearing or reconsideration must establish "reasonable diligence in bringing the motion" and one of the following: (1) a material difference in fact or law from that which was previously presented to the Court in connection with the challenged order and the challenging party, "in the exercise of reasonable diligence," was not aware of "such fact or law at the time of the interlocutory order"; (2) a new material fact or change in the law after the order issued; or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b).

Generally, reconsideration is an "extraordinary remedy, to be used sparingly[,]" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), and reconsideration is "not the place for parties to make new arguments not raised in their original briefs." *Lininger v. Pfleger*, No. 17-CV-03385-SVK, 2018 WL 10455692, at *2 (N.D. Cal. Apr. 26, 2018) (citing *Nw.*

3

*Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Id.* (internal quotation marks and citation omitted).

Foakes does not clearly identify how he satisfies the requirements of Rule 7-9(b). Nor has Foakes persuaded the Court to exercise its inherent power. Instead, Foakes broadly claims that his motion "is based on the Fifth Amendment to the United States Constitution, all relevant Federal, State, and local statutory authority and case law, the following memorandum of points and authorities, the pleadings on file in this case, and argument and evidence that may be presented at the hearing on the Motion." Mot. at 1. The arguments he now asserts were largely presented in his original motion to dismiss, *see* Docket No. 3054-3, at 13–15, and were thus considered by the Court and rejected. He cannot argue there has been an intervening change in material fact or law or that the Court committed a manifest failure to consider facts or legal arguments presented. Instead, Foakes principally relies on what he asserts are "new material facts" discovered through the Government's production of the 2006 Affidavit of FBI Special Agent McCarell Crumrine. *Id.* at 2; *see also id.* Ex. A ("Crumrine Affidavit").

That affidavit is "new" inasmuch as the Court had ordered the Government to produce the Crumrine Affidavit at the January 13, 2023 hearing on Foakes's original motion to dismiss. However, the Court issued its order granting in part Foakes's motion prior to its receipt and without relying on the affidavit. *See* January 2023 Order. The Court determined the Government breached the 2011 Plea Agreement because the phrase "as the result of the investigation" in the 2011 Plea Agreement was ambiguous, and under applicable principles of contract interpretation, "it was reasonable for Foakes to believe that the Government would not be able to charge him for the same conduct to which he previously pled guilty simply because said conduct has been recast in the context of RICO conspiracy." *Id.* at 3. The Crumrine Affidavit was immaterial to the Court's reasoning. It is also immaterial to the Courts' analysis of the proper remedy for the breach; the Court imposed a remedy that was tailored to the breach, giving Foakes, in effect, specific performance of the Plea Agreement by barring the government from using evidence of the mortgage fraud and using it as an overt act herein.

1    In sum, Foakes fails to meet the requirements for rehearing.  The legal arguments for the
2    broad remedy Foakes now seeks for the breach were presented and rejected.  The Crumrine
3    Affidavit Foakes cites is immaterial to the reasoning of the Court's January 2023 Order.  At
4    bottom, Foakes's arguments "ask the Court to rethink what it has already thought." *Lininger*,
5    2018 WL 10455692, at *2.
6    For the foregoing reason, the Court **DENIES** Foakes's motion for rehearing.
7    B.    Breach
8    Even if the Court were to grant rehearing, it would deny the motion on the merits.
9    As a preliminary matter, in its opposition to Foakes's motion for rehearing, the
10   Government asks that the Court reconsider its finding of a breach.  Gov't Opp'n at 5.  The Court
11   declines.
12   In its prior order, the Court explained as follows:

> The 2011 Plea Agreement provides: "The government agrees not to file any additional charges against the defendant that could be filed as the result of the investigation that led to the captioned Indictment." 2011 Plea Agreement ¶ 13. Therefore, the 2011 Plea Agreement is breached so long as the Government *could have brought* a RICO conspiracy charge against Foakes for his participation in the HASC racketeering enterprise *as a result of* the mortgage fraud investigation.

18   January 2023 Order at 2.  The Court found that the causal phrase "as the result of" was ambiguous
19   in the 2011 Plea Agreement because the necessary level of causation was not specified.  *Id.* at 2–3.
20   Therefore, the Court concluded—despite the Government's assertion that it intended the 2011 Plea
21   Agreement to only bar "additional charges" that "could be filed" *solely* "as the result of" the
22   mortgage fraud investigation—the ambiguity made it "reasonable for Foakes to believe that the
23   Government would not be able to charge him for the same conduct to which he previously pled
24   guilty simply because said conduct has been recast in the context of RICO conspiracy." *Id.* at 3;
25   *see also United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000) ("If…we still find ambiguity
26   regarding what the parties reasonably understood to be the terms of the agreement, then the
27   government ordinarily must bear responsibility for any lack of clarity." (internal citation omitted)).
28   Now, the Government argues the Court's interpretation was incorrect.  According to the

5

Government, "[t]he actual language in the agreement is 'that could be filed as the result of *the* investigation that led to the captioned Indictment,' and the Court's interpretation edits the language to 'as a result of [*any*] investigation' in existence within the Northern District of California as of 2011." Gov't Opp'n at 6 (emphasis in original). The Government elaborates that "[t]he language does not refer to 'investigations' plural, but identifies a specific investigation, singular—which renders the word 'only' unnecessary to achieve the desired meaning." *Id.* at 7.

First, the Government is, in essence, seeking reconsideration or rehearing of this Court's prior order. Like Foakes, the Government has failed to meet the threshold requisite showing that rehearing is warranted under Civil Local Rule 7-9(b). Nor has the Government persuaded the Court to exercise its inherent power to reconsider.

In any event, the Government is incorrect on the merits. The Court did not interpret the language of the 2011 Plea Agreement to refer to any investigation other than that of the mortgage fraud, thus broadly barring all investigations that may have been pending at the time of the Plea Agreement, even if not referred to therein. Rather, the Court found that the *extent* to which the mortgage fraud investigation must have contributed to a subsequent RICO conspiracy charge in order to be within the bar was ambiguous. *See* January 2023 Order at 3. As the January 2023 Order specified:

> Therefore, it is unclear whether the mortgage fraud investigation must have been, for example, a 'but-for' cause of the Government's ability to file a RICO conspiracy charge…whether the mortgage fraud investigation must have been a contributing factor in the Government's ability to file a RICO conspiracy charge…whether the mortgage fraud investigation must have been the predominant factor in the Government's ability to file the RICO conspiracy charge… or whether only charges resulting *solely* from the investigation were barred.

*Id.* That ambiguity required the Court to examine what it considered would have been the parties' reasonable expectations. Of course, at the very least, for a subsequent charge to constitute a breach of the 2011 Plea Agreement, it must still originate, at least in part, from the mortgage fraud investigation. It clearly did in the instant case.

The Government also argues that the Court should have interpreted the phrase "could be filed" in accordance with prosecutorial practice. Gov't Opp'n at 8. According to the Government,

6

it could not have brought a RICO conspiracy charge against Foakes in 2011 because it lacked the necessary evidence. *Id.* The Government explains that DOJ guidance recommends that charges should not be brought unless the evidence "is sufficient to obtain and sustain a conviction," and here, there was not even enough evidence to establish probable cause. *Id.* at 10–11. That argument is immaterial. Whether the government had enough evidence to seek an indictment on RICO charges in 2011 does not affect this Court's reasoning which turned not on what the Government could have done by way of other possible charges in 2011, but what the parties' reasonable expectations were given the nature of the charges pled to and the language of the Plea Agreement.[1] *See United States v. Thomas*, 58 F.4th 964, 972 (8th Cir. 2023) ("In short, 'this investigation' refers to the one investigation into Thomas, which reflected the inextricably intertwined nature of his conduct.").[2]

Consequently, the Court adheres to its finding that the Government breached the 2011 Plea Agreement.

C. <u>Reconsideration of Remedy</u>

A defendant suffers prejudice sufficient to justify dismissal of a count "only 'if it is established that [a] violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *United States v. Isgro*, 974 F.2d 1091, 1098 (9th Cir. 1992), *as amended on denial of reh'g* (Nov. 25, 1992) (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)).

---

[1] Whether a plea agreement bars subsequent prosecution for crimes rather than conduct is ambiguous unless specified. *Compare United States v. Jordan*, 509 F.3d 191 (4th Cir. 2007) (plea agreement barred subsequent prosecution of crimes that required proof of conduct to which the defendant pled guilty because the plea agreement did not specify whether it referred to crimes or conduct), *with, United States v. Morales*, 465 F. App'x 734 (9th Cir. 2012) (plea agreement did not bar subsequent prosecution of crimes that required proof of conduct to which the defendant pled guilty because the plea agreement explicitly referred to crimes charged in the indictment).

[2] The Court emphasizes that *Thomas* is distinguishable with respect to remedy. In *Thomas*, the defendant entered into a plea agreement and was convicted in 2021 based on an investigation into conduct for which he previously pled guilty in 2018. *Thomas*, 58 F.4th at 976–77. Because the defendant had already been convicted based on evidence that should have been barred, vacating the conviction was the only remedy available. Here, however, Foakes has not pled guilty to any of the counts against him, and the Court's remedy of prohibiting the Government from presenting evidence of Overt Act 22(a) ensures Foakes will not be convicted based on evidence barred by the 2011 Plea Agreement.

For instance, dismissal is warranted if the indictment fails to recite an *essential element* of the charged crime. *See United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999). Otherwise, it is for the district court to fashion a "lesser remedial action." *See United States v. Bundy*, 968 F.3d 1019, 1043 (9th Cir. 2020).

In its January 2023 Order, the Court explained that "it is unlikely that among the sixteen or so overt acts charged in Count One, Overt Act 22(a) 'substantially influenced the grand jury's decision to indict[.]'" January 2023 Order at 5 (citing *Isgro*, 974 F.2d at 1098). Therefore, rather than dismissing Count One in its entirety, the Court provided the more limited remedy of precluding the Government from introducing evidence of Overt Act 22(a). *Id.* As noted above, given the Court's conclusion about the scope of Foakes' reasonable expectation, the remedy imposed conforms precisely to and completely vindicates that expectation.

Foakes argues that the Court must dismiss Count One in its entirety because "it is unknowable whether the Grand Jury would have returned Count One against Mr. Foakes without reliance on" Overt Act 22(a). Mot. at 6. Foakes relies on *Du Bo*, for the propositions that "no court may 'know' what the grand jury 'would have been willing to charge'" or to "'guess what was in the minds of the grand jury at the time they returned the indictment.'" *Id.* (quoting *Du Bo*, 186 F.3d at 1179–80.

Foakes's reliance on *Du Bo* is unavailing. In *Du Bo*, the indictment failed to recite an essential element of the offense, and the Ninth Circuit held that the "complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment." *Du Bo*, 186 F.3d at 1179. This case is not like *Du Bo*. There is no dispute that the Superseding Indictment recited the essential elements of Count One, *i.e.*, RICO conspiracy, even without Overt Act 22(a); the Superseding Indictment alleges in general terms a wide range of illegal conduct by the HASC and then cites a host of specific Overt Acts besides the mortgage fraud. *See* Superseding Indictment ¶¶ 19–23.

Still, Foakes argues the Superseding Indictment remains flawed. Foakes notes that the Superseding Indictment alleged a conspiracy "[b]eginning on a date unknown…but since at least 2007, and continuing up through and including the present[.]" Mot. at 6. Thus, Foakes argues

8

1   that a consequence of the Court's order barring evidence of Overt Act(a)—the only overt act that
2   took place in 2007—is that the petit jury will be unable to convict in accordance with the time-
3   period set out in the Superseding Indictment because it will only hear evidence of acts that
4   occurred after the charged time-period. *Id.*

5         Foakes is incorrect. Generally, "[t]he time period of a conspiracy is determined not by the
6   dates alleged in the indictment, but by the evidence adduced at trial." *United States v. Guzman*,
7   852 F.2d 1117, 1120 (9th Cir. 1988). "Nor is the timing of the conspiracy an integral element of
8   the offense." *United States v. Lester*, 749 F.2d 1288, 1298 (9th Cir. 1984); *see also United States*
9   *v. Forrester*, 616 F.3d 929, 941 (9th Cir. 2010) ("Uncertainty regarding a conspiracy's beginning
10  and ending dates does not render an indictment fatally defective so long as overt acts alleged in the
11  indictment adequately limit the time frame of the conspiracy."); *United States v. Heimann,* 705
12  F.2d 662, 669 (2d Cir. 1983) ("Particularly with respect to allegations of time, we have permitted
13  proof to vary from the indictment provided that the proof fell within the period charged."). In
14  sum, the petit jury may appropriately convict Foakes of a conspiracy it finds began after 2007.
15  Moreover, as the Government points out, it has sought to present evidence at trial of numerous
16  illegal acts of the HASC that were not explicitly charged as an overt act, including the Laughlin
17  riots. Special Sentencing Factor 1 alleges a conspiracy to murder rivals beginning since at least
18  the mid-1990s. The 2007 mortgage fraud is not an "essential element" of the RICO conspiracy
19  charge.

20        Next, Foakes focuses on the phrase "not to file" in the 2011 Plea Agreement, arguing the
21  breach occurred at the "filing" of the RICO charge, and barring evidence fails to provide the
22  specific performance he is owed. Mot. at 6–7.

23        This argument lacks merit. True, the breach occurred when the Government *filed* a RICO
24  charge including the mortgage fraud. But that breach was cured by the Court's order prohibiting
25  the Government from introducing evidence of the mortgage fraud. The Court effectively granted
26  specific performance by placing Foakes in the position he would have been in had the Government
27  upheld its side of the bargain, *i.e.*, had the Government not filed the Superseding Indictment with
28  Overt Act 22(a) included.

In the January 2023 Order, the Court cited *United States v. Morales*, 465 F. App'x 734 (9th Cir. 2012) in holding that "[i]n granting specific performance, the Court may, *inter alia*, entirely dismiss Count One as to Foakes, or in the alternative, limit the Government's use of Overt Act 22(a)." January 23 Order at 4. Foakes argues that *Morales* is distinguishable because there, the government promised it would not *prosecute specific acts*, whereas here, the Government promised not to *file* "*any additional charges*." Mot. at 7 (emphasis added). The Court fails to see a distinction between a promise not to prosecute and a promise not to file charges; a prosecution is effectuated by the filing of charges.

Foakes, also makes a strained argument that other overt acts alleged in the Superseding Indictment are somehow causally related to the 2007 mortgage fraud to which he pled. But the facts demonstrate that if there is any relationship between other overt acts—*e.g.,* marijuana grow or assault by other HASC members—it is extremely attenuated and not even arguably within the scope of the 2011 Plea Agreement bar on charges that could have been brought "as the result of the investigation" into the mortgage fraud. As the government correctly points out, the Plea Agreement refers to "the," not "any," investigation. *See Clark*, 218 F.3d at 1094 (declining to find breach where "there was very little evidence of a link between investigations of the" crime to which the defendant pled guilty and the crime for which he was subsequently prosecuted).

Consequently, even if the Court were to grant rehearing, which it does not, it would adhere to its prior ruling with respect to the finding of the Government's breach of the 2011 Plea Agreement breach and the remedy provided therefor.

### III.   CONCLUSION

The Court **DENIES** Foakes's motion for rehearing this Court's January 25, 2023 Order.

This order disposes of Docket No. 3167.

**IT IS SO ORDERED**.

Dated: February 21, 2023

_____
EDWARD M. CHEN
United States District Judge

10