UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>RAYMOND MICHAEL FOAKES, et al.<br>　　　　Defendants. | Case No. 17-cr-00533-EMC-2<br><br>**ORDER RE RAYMOND FOAKES' PROPOSED JURY INSTRUCTIONS**<br><br>Docket No. 3407 |

　　　　On October 7, 2022, the Court instructed the parties to exchange draft jury instructions by February 7, 2023, and to file Joint Proposed Jury Instructions by February 21, 2023. *See* Docket No. 2977. On February 21, 2023, instead of the parties filing Joint Proposed Instructions, the Government alone filed proposed jury instructions without commentary by Defendants. *See* Docket No. 3198. At the February 24, 2023 pre-trial conference, the Court learned that Joint Proposed Jury Instructions were not filed because Defendants failed to exchange proposed instructions with the Government before the February 21, 2023 deadline. *See* Docket No. 3214. Despite Defendants' failure to meet the previous February 21 deadline, the Court extended the deadline for Defendants to object to the Government's proposed instructions to March 3, 2023. *Id.* After Defendants failed to meet the March 3 deadline, rather than deem Defendants' objections waived, the Court allowed an additional extension to March 17, 2023, which Defendants finally met.

　　　　Over a month later, on Friday, April 28, 2023, counsel for Mr. Foakes notified the Court that he planned to file additional briefing on the jury instructions by the following Monday. After failing to file briefing by Monday, the Court allowed Mr. Foakes a one day extension. After

failing to file briefing by Tuesday, the Court again allowed a one day extension. Then, on Wednesday, perhaps unsurprisingly, counsel for Mr. Foakes informed the Court that he had yet to file his brief despite the now twice extended deadline. Notwithstanding Mr. Foakes' multiple failures to meet the Court's deadlines, the Court allowed a short extension, instructing Mr. Foakes to file his brief that night. Fortunately, Mr. Foakes did so.

As a preliminary matter, in view of Mr. Foakes' failure to timely object to the Court's proposed jury instructions, the Court construes his brief as a motion for reconsideration of the Court's earlier ruling on the instructions. *See United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). Mr. Foakes cites no basis for any such reconsideration. *See* Civil Local Rule 7.0. Each of Mr. Foakes' arguments are purely questions of law, not based on new facts or new law. *See United States v. Ramos-Urias*, No. 18-CR-00076-JSW-1, 2019 WL 1567526, at *1 (N.D. Cal. Apr. 8, 2019) (citing Civ. L.R. 7-9(b)); *see also Lininger v. Pfleger*, No. 17-CV-03385-SVK, 2018 WL 10455692, at *2 (N.D. Cal. Apr. 26, 2018). Thus, to the extent Mr. Foakes' proposed changes have been rejected, they are deemed waived because they are untimely and are not appropriately subject to reconsideration. Nevertheless, the Court has additionally addressed the merits of the arguments in the interest of justice.

This order sets forth the Court's reasoning with respect to the Final Jury Instructions No. 46 and 52.

A.  Jury Instruction No. 46—Count One: Racketeering Conspiracy–Elements

The Court has clarified Instruction No. 46. With respect to the fourth element of Racketeering Conspiracy, the Court changed "knew or contemplated" to "agreed." The fourth element thus provides, "Fourth, the defendant agreed that one or more members of the conspiracy, not necessarily the defendant, would commit at least two acts of racketeering in furtherance of the conspiracy." The purpose of this change is to make the fourth element consistent with the first element which requires that "there was an agreement between two or more persons to conduct or to participate, directly or indirectly, in the conduct of the affairs of the enterprise . . . through a pattern of racketeering." It is also consistent with the subsequent sentence of the fourth element, which provides, "the government must prove beyond a reasonable doubt that the defendant

1   knowingly agreed to facilitate or further a scheme which, if completed, would involve at least one
2   other conspirator conducting or participating in, directly or indirectly, the operation and
3   management of an enterprise through a pattern of racketeering activity." The definition of a
4   pattern of racketeering "requires at least two acts of racketeering activity[.]" 18 U.S.C § 1961(5).
5   As such, the defendant that agrees a conspirator will engage in at least two acts of racketeering
6   necessarily agrees that a conspirator will engage in "a pattern of racketeering activity." Because
7   the substance of these two sentences are the same, it makes sense to use consistent language.
8   Although not necessary as a matter of substance, the change ensures consistency throughout the
9   instruction.

10  B.  Jury Instruction No. 52—Racketeering Conspiracy—Elements: Racketeering Activity–
11      Conspiracy to Commit Murder

12  Mr. Foakes proposed changing Jury Instruction No. 52 so it required the jury to determine
13  that the defendant conspired to commit deliberate and premeditated murder in order for it to
14  include conspiracy to commit murder as a predicate racketeering act. The Court disagrees.
15  "'A RICO conspiracy is [ ] a single object conspiracy with that object being the violation
16  of RICO . . . [T]he underlying acts of racketeering in a RICO conspiracy are not considered to be
17  the objects of the conspiracy, but simply conduct that is relevant to the central objective—
18  participating in a criminal enterprise.'" *United States v. Fernandez*, 388 F.3d 1199, 1260 n. 45
19  (9th Cir. 2004) (quoting *United States v. Corrado*, 227 F.3d 528, 542–43 (6th Cir. 2000) (internal
20  citations and quotation marks omitted)). In other words, a defendant's agreement to join a
21  conspiracy in which one or more members of the conspiracy, not necessarily the defendant, would
22  engage in a pattern of racketeering, is distinct from the acts that constitute the pattern of
23  racketeering itself. The defendant need not share the requisite intent for each predicate act
24  because 18 U.S.C. § 1962(d) prohibits a conspiracy to violate 18 U.S.C. § 1962(c), not each
25  underlying predicate act. To accept Mr. Foakes' formulation would therefore conflate RICO
26  ///
27  ///
28  ///

United States District Court
Northern District of California

conspiracy with the predicate acts themselves, such as acts including murder and conspiracy to commit murder. Mr. Foakes' proposed instruction would nullify the rule that the Government is not required to prove that the RICO conspirator personally committed any act of racketeering.

This order disposes of Docket No. 3407.

**IT IS SO ORDERED**.

Dated: May 9, 2023

_____
EDWARD M. CHEN
United States District Judge